IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELIA SALDANA,

    Plaintiff,                        No. 2:12-cv-0066 MCE CKD PS

    vs.

COUNTRYWIDE HOME LOANS, INC. et al.,

    Defendants.                 <u>ORDER</u>

_____/

        Defendants' motion to dismiss came on regularly for hearing on August 22, 2012. Plaintiff Celia Saldana appeared in propria persona.[1] Preston Ascherin appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, plaintiff alleges claims related to a residential mortgage. Plaintiff seeks to rescind the loan under the Truth in Lending Act ("TILA"). Plaintiff also alleges claims under the Real Estate Settlement Procedure Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA") and state law claims.

/////

---

[1] Plaintiff was accompanied by her cousin, Mr. Velasquez, who interpreted the proceedings for her.

1    Plaintiff filed a petition for bankruptcy on April 20, 2011.  In the bankruptcy
2 petition, plaintiff did not list any of the claims she now alleges relating to loan origination, fraud,
3 negligence, TILA, RESPA, FDCPA or any other claim relating to the subject loan.  Plaintiff
4 sought to reopen her bankruptcy petition so as to pursue the claims raised in the instant litigation.
5 The bankruptcy court ruled that for any cause of action that arose pre-petition, plaintiff does not
6 have standing to prosecute the claims because they were not abandoned by the trustee.  In Re:
7 Saldana, case no. 11-29737 (Bankruptcy Court, E.D. Cal.), 7/18/12 Order, dkt. no 37, Def. Exh.
8 6; see also Cobb v. Aurora Loan Services, LLC, 408 B.R. 351, 354-345 (E.D. Cal. 2009) (no
9 standing to pursue claims that arose pre-petition and which were not abandoned by trustee).  In
10 addition, the claims not arising from foreclosure are barred by the doctrine of judicial estoppel.
11 See generally Hamilton v. State Farm Fire & Casualty Company, 270 F.3d 778, 784-85 (9th Cir.
12 2001) (judicial estoppel imposed when the debtor has knowledge of enough facts to know that a
13 potential cause of action exists during the pendency of the bankruptcy, but fails to amend
14 schedules or disclosure statements to identify the cause of action as a contingent asset).

15    Other than plaintiff's claim to quiet title, it appears that all of the causes of action
16 alleged in the complaint arose prior to the filing of the bankruptcy petition.  Because plaintiff has
17 not tendered the full amount due on the loan, she cannot pursue a quiet title claim or any other
18 claim related to foreclosure.  See Pantoja v. Countrywide Home Loans, Inc., 640 F. Supp. 2d
19 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set aside a trustee's sale,
20 a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the
21 indebtedness"); see also Alcaraz v. Wachovia Mortgage FSB, 592 F. Supp. 2d 1296, 1304 (E.D.
22 Cal. 2009) ("'A valid and viable tender of payment of the indebtedness owing is essential to an
23 action to cancel a voidable sale under a deed of trust.'") (citing Karlsen v. Am. Sav. & Loan
24 Ass'n, 15 Cal. App. 3d 112 (1971)); Shimpones v. Stickney, 219 Cal. 637, 649 (1934)
25 (mortgagor cannot quiet his title against the mortgagee without paying the debt secured); Aguilar
26 v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage Electronic Registration, 642 F.

1  Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied
2  their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.").
3        At the hearing, defense counsel provided information regarding the full amount
4  due on the loan.[2] Plaintiff will be afforded an opportunity to tender that amount in order to
5  proceed on any claims that arose after the filing of her bankruptcy petition.
6        Accordingly, IT IS HEREBY ORDERED that:
7        1. No later than 4:00 p.m. on September 12, 2012, plaintiff shall deposit with the
8  Clerk of Court the sum of $384,236.55, representing tender of the full amount of unpaid debt,
9  together with costs, due on the loan at issue in this action. Deposit of said funds shall be in the
10  form of a Cashier's Check and shall be maintained by the Clerk of Court in accordance with
11  Local Rule 150(c) pending further order of the Court. Failure to comply with this order shall
12  result in a recommendation that defendants' motions to dismiss be granted.
13        2. The motion to dismiss shall thereafter stand submitted.

Dated: August 22, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
saldana.oah

---

[2] In oral argument, plaintiff requested the court direct defendants to "produce the note." There is no requirement that defendants produce the original note in order to commence non-judicial foreclosure proceedings in California. Cal. Civ. Code § 2924, et seq., see Nool v. HomeQ Servicing, 653 F.Supp 2d 1047, 1053 (E.D. Cal. 2009); see also Herrera v. Federal Nat. Mortg. Assn., 205 Cal. App. 4th 1495 (2012); Fontenot v. Wells Fargo Bank, N.A., 198 Cal. App. 4th 256 (2011).