IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CELIA SALDANA,

      Plaintiff,                              No. 2:12-cv-0066 MCE CKD PS

      vs.

COUNTRYWIDE HOME LOANS, INC. et al.,    ORDER AND

      Defendants.                       FINDINGS AND RECOMMENDATIONS

                                                   /

        Defendants' motion to dismiss came on regularly for hearing on August 22, 2012. Plaintiff Celia Saldana appeared in propria persona.[1] Preston Ascherin appeared for defendants. Upon review of the documents in support and opposition, upon hearing the arguments of plaintiff and counsel, and good cause appearing therefor, THE COURT FINDS AS FOLLOWS:

        In this action, filed January 10, 2012, plaintiff alleges claims related to a residential mortgage. In February 2007, plaintiff took out a loan in the amount of $320,000, secured by a deed of trust to real property located in Woodland, California. A notice of default was recorded on November 21, 2011. Def. Exh. 4. Plaintiff seeks to rescind the loan under the Truth in Lending Act ("TILA"). Plaintiff also alleges claims under the Real Estate Settlement

---

[1] Plaintiff was accompanied by her cousin, Mr. Velasquez, who interpreted the proceedings for her.

1

1  Procedure Act ("RESPA"), the Fair Debt Collection Practices Act ("FDCPA") and state law
2  claims.  Defendants move to dismiss.
3        In considering a motion to dismiss for failure to state a claim upon which relief
4  can be granted, the court must accept as true the allegations of the complaint in question,
5  Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the pleading in the light most
6  favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).
7        In order to avoid dismissal for failure to state a claim a complaint must contain
8  more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements
9  of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other
10  words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
11  statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a
12  claim upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.
13  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to
14  draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129
15  S. Ct. at 1949.
16        In ruling on a motion to dismiss pursuant to Rule 12(b), the court "may generally
17  consider only allegations contained in the pleadings, exhibits attached to the complaint, and
18  matters properly subject to judicial notice." Outdoor Media Group, Inc. v. City of Beaumont,
19  506 F.3d 895, 899 (9th Cir. 2007).  Defendants have requested this court take judicial notice of
20  documents.  Dkt. no. 8.  That request will be granted.
21        Plaintiff filed a petition for bankruptcy on April 20, 2011.  In Re: Saldana, case
22  no. 11-29737 (Bankruptcy Court, E.D. Cal.).[2]  In the bankruptcy petition, plaintiff did not list any
23  of the claims she now alleges relating to loan origination, fraud, negligence, TILA, RESPA,
24  FDCPA, or any other claim relating to the subject loan.  In Re: Saldana, dkt. no. 1, Schedule B.

---

26     [2] The court takes judicial notice of the entirety of the bankruptcy proceedings.  Fed. R. Evid. 201.

1  Plaintiff sought to reopen her bankruptcy petition so as to pursue the claims raised in the instant
2  litigation.  The bankruptcy court ruled that for any cause of action that arose pre-petition, plaintiff
3  does not have standing to prosecute the claims because they were not abandoned by the trustee.
4  In Re: Saldana, 7/18/12 Order, dkt. no 37, Def. Exh. 6; see also Cobb v. Aurora Loan Services,
5  LLC, 408 B.R. 351, 354-345 (E.D. Cal. 2009) (no standing to pursue claims that arose pre-
6  petition and which were not abandoned by trustee).  In addition, the claims not arising from the
7  foreclosure proceedings are barred by the doctrine of judicial estoppel.  See generally Hamilton
8  v. State Farm Fire & Casualty Company, 270 F.3d 778, 784-85 (9th Cir. 2001) (judicial estoppel
9  imposed when the debtor has knowledge of enough facts to know that a potential cause of action
10 exists during the pendency of the bankruptcy, but fails to amend schedules or disclosure
11 statements to identify the cause of action as a contingent asset).

12          Other than plaintiff's claim to quiet title, all of the causes of action alleged in the
13 complaint arose prior to the filing of the bankruptcy petition.  After hearing on the motion to
14 dismiss, plaintiff was afforded an opportunity to tender the full amount of unpaid debt on the
15 loan no later than September 12, 2012.  See dkt. no. 16.  Plaintiff was cautioned that in the
16 absence of tender, the court would recommend dismissal of the action.  The time period has now
17 expired and plaintiff has not tendered the full amount due on the loan.  She cannot pursue a quiet
18 title claim or any other claim related to foreclosure.  See Pantoja v. Countrywide Home Loans,
19 Inc., 640 F. Supp. 2d 1177, 1183-84 (N.D. Cal. 2009) ("Under California law, in an action to set
20 aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender
21 [offer] of payment of the indebtedness"); see also Alcaraz v. Wachovia Mortgage FSB, 592 F.
22 Supp. 2d 1296, 1304 (E.D. Cal. 2009) ("'A valid and viable tender of payment of the
23 indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.'")
24 (citing Karlsen v. Am. Sav. & Loan Ass'n, 15 Cal. App. 3d 112 (1971)); Shimpones v. Stickney,
25 219 Cal. 637, 649 (1934) (mortgagor cannot quiet his title against the mortgagee without paying
26 the debt secured); Aguilar v. Bocci, 39 Cal. App. 3d 475, 477 (1974); Kelley v. Mortgage

Electronic Registration, 642 F. Supp. 2d 1048, 1057 (N.D. Cal. 2009) ("Plaintiffs have not alleged . . . that they have satisfied their obligation under the Deed of Trust. As such, they have not stated a claim to quiet title.").

Plaintiff's claims are either barred by her bankruptcy action or must be dismissed in the absence of tender. It appears amendment of the complaint would be futile. The motion to dismiss should be granted.

Accordingly, IT IS HEREBY ORDERED that defendants' request for judicial notice (dkt. no. 8) is granted; and

IT IS HEREBY RECOMMENDED that:

1. Defendants' motion to dismiss (dkt. no. 7) be granted; and

2. This action be closed.

Dated: September 13, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4
saldana0066.57